Derrick F. Coleman (CA SBN 170955)
   *derrick@colemanfrost.com*
Ronald P. Abrams (CA SBN 140438)
   *ron@colemanfrost.com*
Patrick J. Estabrook (CA SBN 340338)
   *patrick@colemanfrost.com*
**COLEMAN FROST LLP**
201 Nevada Street
El Segundo, California 90245-4211
Telephone: (424) 277-1650
Facsimile: (310) 648-8739

*Attorneys for Defendant John Maguire*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NIELS TROOST, et al.<br><br>              Plaintiff,<br><br>      v.<br><br>GAURAV SRIVASTAVA a/k/a "G", et al.<br><br>              Defendants. | CASE No.: 2:26-cv-00631-AH-MAR<br><br>**DEFENDANT JOHN MAGUIRE'S OBJECTION TO STIPULATION AND [PROPOSED] STIPULATED FINAL JUDGMENT [DKT 82]**<br><br>Date: July 8, 2026<br>Time: 1:30 PM<br>Ctrm: 9C, 9th Floor<br>Judge: Hon. Anne Hwang |

OBJECTION TO STIPULATION AND [PROPOSED] STIPULATED FINAL JUDGMENT [DKT 82]; Case No. 2:26-cv-00631-AH-MAR

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant John Maguire ("Defendant" or "Maguire") hereby objects to the Stipulation and [Proposed] Stipulated Final Judgment [Dkt 82] (the "Stipulation").

**I.   INTRODUCTION**

Defendant does not oppose the ability of Plaintiffs and Defendants Owen Onouye and Global Energy Law Group, P.C. (the "Settling Defendants") to resolve claims between themselves.  However, Defendant objects to entry of the proposed Stipulated Judgment to the extent it purports to make findings or create effects that could prejudice the rights of non-settling defendants, including Defendant Maguire.

**II.   THE PROPOSED FINDING OF "GOOD FAITH" IMPROPERLY AFFECTS NON-SETTLING DEFENDANTS**

The Stipulation requests that the Court find that the Settlement Agreement and Stipulated Judgment are "reasonable and entered into in good faith."

That finding, if entered, may have substantive consequences under California law, including potential effects on contribution or indemnity rights of non-settling defendants.

Defendant has not been provided the terms of the Settlement Agreement, the amount of the settlement, or the circumstances under which it was negotiated.

Absent such information, Defendant cannot meaningfully evaluate whether any such "good faith" determination is appropriate.  Entry of such a finding without affording non-settling defendants an opportunity to be heard risks prejudicing their rights.

Moreover, the circumstances of the Settlement Agreement – including any related discovery conduct and disclosures – have not been disclosed, raising additional concerns regarding whether any "good faith" finding is appropriate, and Defendant expressly preserves all related objections and rights relating to such matters as set forth below.

OBJECTION TO STIPULATION AND [PROPOSED] STIPULATED FINAL JUDGMENT [DKT 82]; Case No. 2:26-cv-00631-AH-MAR

**III.    THE STIPULATED JUDGMENT SHOULD NOT HAVE ANY PRECLUSIVE OR EVIDENTIARY EFFECT AGAINST NON-SETTLING DEFENDANTS**

The proposed Stipulated Judgment provides for entry of judgment against Settling Defendants on RICO claims.

Defendant objects to the Stipulation to the extent it may be construed to have any preclusive or evidentiary effect as to Defendant, including any attempt to use the Stipulated Judgment to establish liability, wrongdoing, or participation in any alleged enterprise by any non-settling defendant.

A stipulated judgment between settling parties is not an adjudication on the merits as to non-settling defendants, and cannot bind or otherwise prejudice those defendants as a matter of law.  To avoid confusion or improper use, the Court should make clear – if it enters the Stipulated Judgment – that it applies only to the Settling Defendants, and has no binding or evidentiary effect as to Defendant Maguire.

**IV.    THE COURT SHOULD NOT APPROVE OR ENDORSE THE SETTLEMENT WITHOUT EXPRESS LIMITATIONS**

The Stipulation asks the Court to "approve" the Settlement Agreement and Stipulated Judgment.

Defendant respectfully submits that, to the extent the Court enters the Stipulated Judgment, it should refrain from making findings regarding the reasonableness or good faith of the Settlement Agreement as to non-settling defendants, or expressly limit any such findings to the settling parties only.

Without such limitations, there is a risk that the Stipulation could be used to improperly affect rights of non-settling defendants, or create arguments not supported by adjudicated facts.

OBJECTION TO STIPULATION AND [PROPOSED] STIPULATED FINAL JUDGMENT [DKT 82]; Case No. 2:26-cv-00631-AH-MAR

In addition, to the extent the proposed judgment constitutes a partial final judgment under Rule 54(b), the Court should not enter such judgment absent the required findings and procedural showing.

## V.     RESERVATION OF RIGHTS

Defendant expressly reserves all rights to challenge the admissibility or use of the Stipulated Judgment and any materials allegedly produced in connection with the Settlement Agreement, to assert all applicable privileges and protections, and to seek any appropriate relief as discovery and motion practice proceed.

## VI.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1.  Decline to enter the Stipulated Judgment in its current form; or

2.  In the alternative, enter the Stipulated Judgment only with the clear limitations that: (1) it does not affect the rights of non-settling defendants, and (2) it has no preclusive or evidentiary effect as to Defendant Maguire.

Dated: June 26, 2026

**COLEMAN FROST LLP**
DERRICK F. COLEMAN
RONALD P. ABRAMS
PATRICK J. ESTABROOK

*/s/ Derrick F Coleman*
*Attorneys for Defendant John Maguire*

OBJECTION TO STIPULATION AND [PROPOSED] STIPULATED FINAL JUDGMENT [DKT 82]; Case No. 2:26-cv-00631-AH-MAR