Paul B. Salvaty (Bar No. 171507)
Email: psalvaty@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorney for Defendants Gaurav Srivastava, Cedar West Ventures, LLC, Unity Resources Group, Inc., Orbimo Corporation, Unicom Worldwide, Inc. Birdsong Central LLC, Aurora Point LLC, and The Gaurav Srivastava Foundation f/k/a The Gaurav and Sharon Srivastava Family Foundation

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

NIELS TROOST, et al.,

Plaintiffs,

v.

GAURAV SRIVASTAVA, et al.,

Defendants.

Case No. 2:26-cv-00631-AH-MAR

**NOTICE OF MOTION AND MOTION OF THE SRIVASTAVA DEFENDANTS' MOTION TO DISMISS AND ANTI-SLAPP MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

*Filed concurrently with Memorandum of Points and Authorities in Support of Motion to Dismiss and Anti-SLAPP Motion to Strike the First Amended Complaint, Declaration of Paul B. Salvaty, [Proposed] Order, Request for Judicial Notice, and [Proposed] Order*

Judge: Honorable Anne Hwang
Date: September 23, 2026
Time: 1:30 p.m.
Crtrm.: 9C

Trial Date: Not set

**TO NIELS TROOST, PARAMOUNT ENERGY & COMMODITIES SA, PARAMOUNT ENERGY AND COMMODITIES DMCC, PARAMOUNT ENERGY & COMMODITIES, INC., AND EZI-DIAROC HOLDING SA AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 23, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Anne Hwang, located in the United States Courthouse, 350 West 1st Street, Courtroom 9C, Los Angeles, CA 90012, Defendants Gaurav Srivastava, Cedar West Ventures, LLC, Unity Resources Group, Orbimo Corporation, Unicom Worldwide, Inc., Birdsong Central LLC, Aurora Point LLC, and The Gaurav Srivastava Foundation f/k/a The Gaurav and Sharon Srivastava Family Foundation ("Srivastava Defendants") will and hereby move this Court to dismiss the First Amended Complaint.

This Motion is made upon the following grounds:

*First*, Plaintiffs' claims are subject to dismissal under the doctrine of *forum non-conveniens*. The Share Purchase Agreement ("SPA") that sits at the center of this dispute contains a mandatory "Jurisdiction" clause requiring that disputes relating to the contract "shall be exclusively submitted" to the Swiss courts. That provision is presumptively enforceable, and it applies to the entire First Amended Complaint because all of Plaintiffs' allegations against all Defendants arise from and are inextricably intertwined with the SPA. Moreover, there has been extensive litigation involving Troost and his companies in Switzerland, and that litigation involves many of the same issues Plaintiff Neils Troost seeks to re-litigate here.

*Second*, Plaintiffs' RICO claims are barred by the First Amendment and the *Noerr-Pennington* doctrine because they are predicated on protected petitioning activity. *See, e.g.*, *Relevant Grp., LLC v. Nourmand*, 116 F.4th 917, 927 (9th Cir. 2024) (under *Noerr-Pennington*, persons who petition the government for redress are "generally immune from statutory liability for their petitioning conduct").




COHEN WILLIAMS LLP

*Third,* this case should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs have failed to allege facts sufficient to establish RICO standing or to plead the essential RICO elements. Moreover, Plaintiffs' allegations rely on impermissible group pleading, attributing conduct to "Defendants" or "the Srivastava Enterprise" without differentiating among the alleged actors or specifying each of Defendants' role in the enterprise or predicate acts.

This motion is further made on the grounds that the Third, Fourth, and Fifth Causes of Action of the First Amended Complaint fail to state claims for relief under Fed. R. Civ. P. 12(b)(6) and should be stricken based on California's anti-SLAPP statute. The First Amended Complaint arises directly from Defendants' exercise of their rights of free speech about matters of public concern, including statements made in connection with judicial or other official proceedings authorized by law, statements made in public fora in connection with issues of public interest, and other conduct in furtherance of the exercise of Defendants' constitutional right of petition and/or constitutional right of free speech in connection with public issues or issues of public interest. Plaintiffs' claims therefore fall within Section 425.16 of the California Code of Civil Procedure. As such, Plaintiffs bear the burden of establishing a probability that they will prevail on their claims, which the Ninth Circuit has held requires Plaintiffs, at a minimum, to satisfy the pleading standards required by Fed. R. Civ. P. 12(b)(6). *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019). Here, Plaintiffs cannot meet their pleading burden because they have not pled and cannot plead the essential elements of their state law causes of action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Paul B. Salvaty filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.



COHEN WILLIAMS LLP

Dated: July 13, 2026

**COHEN WILLIAMS LLP**

By: */s/ Paul B. Salvaty*
Paul B. Salvaty
Attorney for Defendants Gaurav Srivastava, Cedar West Ventures, LLC, Unity Resources Group, Inc., Orbimo Corporation, Unicom Worldwide, Inc., Birdsong Central LLC, Aurora Point LLC, and The Gaurav Srivastava Foundation f/k/a The Gaurav and Sharon Srivastava Family Foundation

COHEN WILLIAMS LLP