Paul B. Salvaty (Bar No. 171507)
Email: psalvaty@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorney for Defendants Nicolas Bravard and
1234 Holdings SA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NIELS TROOST, et al., | Case No. 2:26-cv-00631-AH-MAR |
| Plaintiffs, | **DECLARATION OF NICOLAS BRAVARD IN SUPPORT OF DEFENDANTS NICOLAS BRAVARD AND 1234 HOLDING SA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2); JOINDER IN SRIVASTAVA DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND ANTI-SLAPP MOTION TO STRIKE** |
| v. | |
| GAURAV SRIVASTAVA, et al., | |
| Defendants. | |

*Filed concurrently with Notice of Motion and Motion to Dismiss for Lack of Personal Jurisdiction and Joinder in Srivastava Defendants' Motion to Dismiss the First Amended Complaint and Anti-SLAPP Motion to Strike, Memorandum of Points and Authorities, and [Proposed] Order*

Judge:    Honorable Anne Hwang
Date:     September 23, 2026
Time:     1;30 p.m.
Crtrm.:  9C

Trial Date:          Not set

## DECLARATION OF NICOLAS BRAVARD

I, Nicolas Bravard, declare as follows:

1. I am over the age of eighteen and am a defendant in this matter. I make this Declaration in support of the Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2). I have personal knowledge of the facts set forth in this Declaration and, if called upon, I could and would competently testify regarding these matters.

2. I am a citizen of Switzerland and France.

3. I reside in Switzerland. I have resided in Switzerland during all times relevant to the allegations in the First Amended Complaint.

4. I have never resided in California. I have never maintained an office, mailing address, telephone number, bank account, or other financial account in California.

5. I last traveled to the State of California in 1988. That was for a holiday, and I have not spent any time in California since that year.

6. I have never owned or leased property in California. I have never registered to do business in California. I have never paid California taxes. I have never employed anyone in California.

7. I do not regularly conduct business in California or elsewhere in the United States. I do not solicit business in California.

8. To the extent I have traveled to the United States, those trips were limited and unrelated to the claims asserted in this action. I have not traveled to the United States since 2019. During that 2019 trip, I was in New York for a holiday.

9. At all times relevant to this dispute, I understood Plaintiff Neils Troost to reside in Switzerland or elsewhere in Europe.

10. To the extent I have previously held meetings with Mr. Troost or communicated with Mr. Troost, I never did so from the state of California. As far as I am aware, Mr. Troost did not communicate with me from California. To the best of my

1

recollection, my in-person meetings with Mr. Troost took place in Europe and the Middle East. I did not travel to California to meet with Mr. Troost at any time.

11. Contrary to the allegations in the First Amended Complaint, I am not now, nor have I ever been, the "ultimate beneficial owner" of 1234 Holding SA ("1234 Holding"). *See* FAC ¶ 58. 1234 Holding is a Swiss company that was incorporated on or about July 26, 2022.

12. I did not communicate with any California bank concerning any of the alleged transfers of funds described in Plaintiffs' First Amended Complaint. I did not communicate with Global Energy Law Group's bank concerning any transfers. I did not select California as the origin of any transfer. I did not direct that any funds be sent from California.

13. I am not the officer, director, employee, or agent of any United States-based company or subsidiary and have never held such a role.

14. I have not purposefully directed any conduct at California relating to the claims in this action. Any alleged contacts with California were the result of others unilateral choices, not my own conduct.

15. Litigating this action in California would impose a substantial burden on me.

16. The transaction by which 1234 Holding acquired shares of Paramount Energy & Commodities SA ("PECSA") was not a California transaction. The Share Purchase Agreement ("SPA") that documented that transaction contains a mandatory "Jurisdiction" clause requiring that disputes relating to the contract "shall be exclusively submitted" to the Swiss courts.

DECLARATION OF NICOLAS BRAVARD IN SUPPORT OF DEFENDANTS NICOLAS BRAVARD AND 1234 HOLDING SA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2026 at Geneva, Switzerland.

[city, country]

_____
Nicolas Bravard

3

COHEN WILLIAMS LLP