Paul B. Salvaty (Bar No. 171507)
Email: psalvaty@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorney for Defendant Sharon Srivastava

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

NIELS TROOST, et al.,

Plaintiffs,

v.

GAURAV SRIVASTAVA, et al.,

Defendants.

Case No. 2:26-cv-00631-AH-MAR

**NOTICE OF MOTION AND MOTION OF DEFENDANT SHARON SRIVASTAVA TO DISMISS THE FIRST AMENDED COMPLAINT AND ANTI-SLAPP MOTION TO STRIKE**

*Filed concurrently with Memorandum of Points and Authorities, and [Proposed] Order*

Judge: Honorable Anne Hwang
Date: September 23, 2026
Time: 1:30 p.m.
Crtrm.: 9C

Trial Date: Not set

**TO NIELS TROOST, PARAMOUNT ENERGY & COMMODITIES SA, PARAMOUNT ENERGY AND COMMODITIES DMCC, PARAMOUNT ENERGY & COMMODITIES, INC., AND EZI-DIAROC HOLDING SA AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 23, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Anne Hwang, located in the United States Courthouse, 350 West 1st Street, Courtroom 9C, Los Angeles, CA 90012, Defendant Sharon Srivastava ("Defendant") will and hereby move this Court to Dismiss the First Amended Complaint.

This Motion is made upon the following grounds:

This case should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to state a claim upon which relief can be granted. In particular, the First Amended Complaint ("FAC") does not plausibly plead that Defendant participated in the operation or management of the alleged RICO enterprise, as required by *Reves v. Ernst & Young*, 507 U.S. 170 (1993). The FAC also does not plead that Defendant committed predicate acts with the particularity required by Fed. R. Civ. P. 9(b). In addition, Defendant incorporates by reference and fully joins in the arguments made by the Srivastava Defendants in their Motion to Dismiss and Motion to Strike the First Amended Complaint, including: (1) that the Complaint is subject to dismissal under the doctrine of forum non-conveniens, because the contract at the center of this dispute (the SPA) contains a mandatory Swiss jurisdiction clause, and all of Plaintiffs' allegations against all Defendants arise from and are inextricably intertwined with the SPA; (2) that Plaintiffs' RICO claims are barred by the First Amendment and the *Noerr-Pennington* doctrine; and (3) that Plaintiffs have failed to allege plausible facts sufficient to establish RICO standing or the plead the essential elements of RICO, including because of Plaintiffs' reliance on impermissible group pleading and their lack of standing.

This motion is further made on the grounds that the Third, Fourth, and Fifth Causes of Action of the First Amended Complaint fail to state claims for relief under Fed. R. Civ.



COHEN WILLIAMS LLP

COHEN WILLIAMS LLP

P. 12(b)(6) and should be stricken based on California's anti-SLAPP statute. The FAC arises directly from Defendants' exercise of their rights of free speech about matters of public concern, including statements made in connection with judicial or other official proceedings authorized by law, statements made in public fora in connection with issues of public interest, and other conduct in furtherance of the exercise of Defendants' constitutional right of petition and/or constitutional right of free speech in connection with public issues or issues of public interest. Plaintiffs' claims therefore fall within Section 425.16 of the California Code of Civil Procedure. As such, Plaintiffs bear the burden of establishing a probability that they will prevail on their claims, which the Ninth Circuit has held requires Plaintiffs, at a minimum, to satisfy the pleading standards required by Fed. R. Civ. P. 12(b)(6). *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1446 (2019). Here, Plaintiffs cannot meet their pleading burden because they have not pled and cannot plead the essential elements of their state law causes of action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Motion to Dismiss and related briefing filed by the Srivastava Defendants in which Defendant joins in full, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated: July 13, 2026 **COHEN WILLIAMS LLP**

By: */s/ Paul B. Salvaty*
Paul B. Salvaty
Attorney for Defendant Sharon Srivastava