Paul B. Salvaty (Bar No. 171507)
Email: psalvaty@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorney for Defendants Gaurav Srivastava,
Sharon Srivastava, Cedar West Ventures, LLC,
Unity Resources Group, Inc., Orbimo
Corporation, Unicom Worldwide, Inc.,
Birdsong Central LLC, Aurora Point LLC, and
The Gaurav Srivastava Foundation f/k/a The
Gaurav and Sharon Srivastava Family
Foundation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIELS TROOST, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GAURAV SRIVASTAVA, et al.,<br><br>　　　　Defendants. | Case No. 2:26-cv-00631-AH-MAR<br><br>**SRIVASTAVA DEFENDANTS' OBJECTION TO PLAINTIFFS' NEW REPLY EVIDENCE IN SUPPORT OF THEIR RULE 54(b) MOTION [ECF NOS. 104-1, 104-2, AND 104-3]**<br><br>Judge:　Honorable Anne Hwang<br>Date:　September 9, 2026<br>Time:　1:30 p.m.<br>Crtrm.:　9C<br><br>Trial Date:　　Not set |

Rather than respond substantively to the arguments presented in the Srivastava Defendants' Opposition to Plaintiffs' Motion for Entry of Proposed Stipulated Final Judgment under Rule 54(b), Plaintiffs used their Reply to attack the character of Owen Onouye ("Onouye")—the Srivastava Defendants' former attorney with whom Plaintiffs negotiated a purported "Settlement Agreement" and on whose sworn testimony they hope to rely—and to dump more irrelevant "evidence" in the form of third-party declarations into the public record. The evidence is objectionable, and it should not be considered by the Court.

Plaintiffs included with their Opposition three reply declarations from individuals living outside the United States who claim to have had interactions with the Srivastava family several years before Plaintiff Troost and Defendant Srivastava had even met each other. The declarations are improper because, although Plaintiffs apparently have had the declarations in hand for months, they introduced them for the first time in support of their reply brief. Moreover, none of the declarations is even remotely relevant to any issue raised in the Rule 54(b) Motion. Instead, the declarations are another attempt by Plaintiffs to harass, embarrass, and intimidate the Srivastava Defendants and to provide more grist for their ongoing PR and lawfare campaign in the U.S. and overseas.

# I.    THE DECLARATIONS ARE NOT "REBUTTAL EVIDENCE."

First, the declarations are objectionable because they were introduced for the first time on reply and do not rebut any of the Rule 54(b) arguments or evidence presented by the Srivastava Defendants in their Rule 54(b) Opposition.

A reply brief may answer matters first raised in opposition, but it cannot supply evidence that the movant chose to omit from its opening brief. Local Rule 7-10 draws that line by permitting "declarations or other rebuttal evidence." L.R. Rule 7-10. Evidence is not rebuttal merely because it responds to criticism of the movant's original theory. That reading of Rule 7-10 would allow any piece of evidence to be recast as a response to an opposition that exposed a weakness in the opening effort. *See Aguilar v. Wells Fargo Bank, N.A.*, No. EDCV1501833ABSPX, 2015 WL 6755199, at *3 (C.D. Cal. Nov. 4, 2015)

1

(Declining to consider "new evidence" that was in the plaintiff's possession before her motion was filed because "[l]ocal Rule 7-10 permits the submission of only 'rebuttal evidence' in reply papers".).

It is well settled that the Court has discretion to ignore or strike evidence introduced for the first time on reply, particularly where, as here, the evidence is an obvious attempt to sandbag and harass. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see also Fofona v. Holder*, 327 F. App'x 42, 43 (9th Cir. 2009) ("We do not consider Fofona's contentions raised for the first time in his reply brief . . . ."); *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining objection to new evidence filed for the first time in reply because of the "potential inequities that might flow from the injection of new matter at the last round of briefing").

## II.    THE DECLARATIONS ARE INADMISSIBLE.

Beyond their procedural impropriety, the reply declarations are completely irrelevant to the Rule 54(b) Motion and are filled with inadmissible material. None of the three declarations mention Onouye or GELG, address the Settlement Agreement, the Proposed Judgment, or any other consideration relevant to Rule 54(b). Instead, they purport to recount irrelevant events that allegedly occurred years before Troost and Srivastava had even met, relying heavily on hearsay, speculation, personal opinions, and inflammatory accusations that have nothing to do with the Rule 54(b) Motion.

### A.    The Declarations Are Irrelevant (Fed. R. Evid. 401, 402).

Evidence is relevant only if it tends to make a fact "of consequence in determining the action" more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Plaintiff's Motion asks the Court to enter a partial final judgment against Onouye and GELG under Rule 54(b). The declarations attached to Plaintiffs' reply have nothing to do with these issues.

None of the three declarations mention Onouye, address the purported settlement, the relationship between Onouye and any defendant, or any other consideration relevant to Rule 54(b). Instead, they discuss alleged events, opinions and out-of-court conversations that supposedly occurred years before the events giving rise to Plaintiffs' RICO claims. (ECF No. 104-1 (Ryan-Challinor Decl.) ¶¶ 6–15; ECF No. 104-2 (Ryan Decl.) ¶¶ 8–13; ECF No. 104-3 (Peters Decl.) ¶¶ 5–17.) They have absolutely no bearing on whether the Court should enter a Rule 54(b) judgment against Onouye and GELG.

## B.    The Declarations Contain Hearsay (Fed. R. Evid. 801-802, 901).

The declarations also repeatedly purport to recount out-of-court statements by third parties for the truth of the matters asserted. *E.g.*, Fed. R. Evid. 801. By way of non-exhaustive example, Ryan-Challinor states that someone told her he had overheard Srivastava speaking with "very senior people in the CIA" and "high-level politicians," and that Srivastava intended to use those connections for business purposes. (Ryan-Challinor Decl. ¶ 8.) She also repeats a supposed due-diligence report from an unidentified "business acquaintance" who allegedly concluded that Srivastava was a "bad egg" who should not be trusted. (*Id.* ¶ 13.) She further recounts information obtained from unidentified debt collectors about rent supposedly owed on another residence. (*Id.* ¶ 15.) Timothy Ryan similarly repeats statements from others that Srivastava held a clandestine national-security role and had political connections in the United States. (Ryan Decl. ¶ 9.) He also states that he "saw information" implicating Srivastava in unspecified "alleged frauds," without identifying the information, its source, or any basis for admitting it. (*Id.* ¶ 12.) Peters describes an email attributed to someone named "Philip Johnson" and recounts a telephone call with a person using that name, while simultaneously asserting that the person's identity was false. (Peters Decl. ¶¶ 14–15.)

Plaintiffs offer no evidence authenticating these communications or establishing any hearsay exception that even theoretically could apply to any of these statements. Layering unidentified sources, secondhand accounts, and unauthenticated communications onto a

3

SRIVASTAVA DEFENDANTS' OBJECTION TO PLAINTIFFS' NEW REPLY EVIDENCE
[ECF NOS. 104-1, 104-2, and 104-3]

COHEN WILLIAMS LLP

witnesses' personal recollections is not permitted under the Federal Rules of Evidence. *E.g.*, Fed. R. Evid. 801, 802 , 901.

### C.    The Declarations Are Unfairly Prejudicial (Fed. R. Evid. 403).

Finally, even relevant evidence can be excluded when its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Here, the reply declarations appear to be intended to serve solely as evidence of Defendant Srivastava's "bad" character, which is obviously inappropriate.

The declarations are loaded with baseless and inflammatory accusations. Ryan-Challinor calls Srivastava a "liar," and repeats negative third-party characterizations. (Ryan-Challinor Decl. ¶¶ 6, 13.) Ryan calls him a "scam artist." (Ryan Decl. ¶ 13.) Peters describes unpaid debts, an accent on the telephone, and supposed clandestine operations in other countries. (Peters ¶¶ 7, 12-17.) None of this testimony bears in any way on the Rule 54(b) Motion. The risk of prejudice and unfairness is magnified because the declarants all appear to reside overseas, in the United Kingdom and/or Australia.

## III.    IF THE COURT IS INCLINED TO CONSIDER THE REPLY EVIDENCE, THEN THE SRIVASTAVA DEFENDANTS REQUEST PERMISSION TO FILE A SHORT SUR-REPLY.

If the Court is inclined to consider any of this reply evidence when ruling on the Rule 54(b) Motion, then the Srivastava Defendants request the opportunity to file a short sur-reply of no more than five pages. When a party presents new evidence on reply, a court should not consider it without giving the adverse party an opportunity to respond. *See, e.g.*, *Musk v. OpenAI, Inc.*, 769 F.Supp.3d 1017, 1026, n.4 (N.D. Cal. 2025) ("Evidence in support of a motion must be submitted with the motion in order to allow the opposing party to respond. Evidence submitted in reply is properly disregarded as the Court does here."); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (in summary judgment context, allowing a party to "submit 'new' evidence in their reply brief without affording [the other party] an opportunity to respond … would be unfair.").

COHEN WILLIAMS LLP

4

Dated:  August 12, 2026          **COHEN WILLIAMS LLP**


By:    _/s/ Paul B. Salvaty_
Paul B. Salvaty
Attorney for Defendants Gaurav Srivastava,
Sharon Srivastava, Cedar West Ventures,
LLC, Unity Resources Group, Inc., Orbimo
Corporation, Unicom Worldwide, Inc.,
Birdsong Central LLC, Aurora Point LLC,
and The Gaurav Srivastava Foundation f/k/a
The Gaurav and Sharon Srivastava Family
Foundation

5